Beier, J., concurring:
I concur in all aspects of the majority opinion save one. I do not accept that the threats made by the defendant, separated by a plea from his wife to which he obviously reacted, qualify as the same or "unitary" conduct under our multiplicity/double jeopardy analysis. See State v. Schoonover, 281 Kan. 453, 462, 133 P.3d 48 (2006).
When Candice Hirsh became concerned by her husband's first threat and extreme violence that she would die, she begged him not to let their children see her "like this." Her husband's second threat sprang directly from that source; it was motivated by a "fresh impulse." And that factor is enough to convince me that the admittedly close question *491 of whether there was the same or "contrary" conduct should be answered with a firm "no." See State v. Sellers , 292 Kan. 117, 346, 357-60, 253 P.3d 20 (2011).
Because I would reject the defendant's multiplicity challenge on the first component of Schoonover , I would not need to reach or analyze the second. 292 Kan. at 360, 253 P.3d 20.
Rosen and Stegall, JJ., join the foregoing concurring opinion.
Johnson, J., dissenting in part:
I dissent on the majority's determination that there were two units of prosecution with respect to criminal threat. I would reverse one of the convictions.